IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
CIVIL DIVISION

FILED
FT. SMITH DIST.

2015 MAR 17 PM 2 22

C~~Patty Henderson~~
~~CIRCUIT CLERK SEB. CO.~~

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| RON DECKER, STEVE LOVELLETTE, | § |
| TOMMY SCARCELLO, DONN WOLF, | § |
| ADVANTAGE FOOD GROUP, | § |
| ADVANTAGE SALES, LLC, ACTION | § |
| DISTRIBUTORS, INC., JEANNE ESTATES | § |
| APARTMENTS, INC., ANGELA MORALES | § |
| VANESSA GRIFFIN, MARCUS GRIFFIN, | § |
| BROOKLYNN HOWARD,  ALSANDRA REID, | § |
| ALFONSO REID, ANGELA ONDRISEK, | § |
| NICHOLAS BRODERICK,  MATTHEW | § |
| BRODERICK, MARISSA BRODERICK, | § |
| SHAINA BRODERICK, NATHAN GRIFFIN, | § |
| TONIA GRIFFIN, ALEXIS  BRODERICK AND | § |
| SHELDON GRIFFIS | § |
| | § |
| *Defendants.* | § |
| | § |

Case No. **CV-15-0238**

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

**NOW COMES** Plaintiff, Nautilus Insurance Company, and for its Complaint for

Declaratory Judgment ("Complaint"), states to the Court as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment to determine whether Nautilus

Insurance Company ("Nautilus") is obligated to defend or indemnify the Underlying Defendants

(defined below), under the Policies (defined below) with respect to the *Griffin* Suit (defined

below) brought by the *Griffin* Claimants (defined below).

1

*Exhibit A*

2.      Defendants consist of the Underlying Defendants and the *Griffin* Claimants.  The Underlying Defendants are the individuals or entities listed in Paragraphs 7 through 15 below, many of whom, upon information and belief, claim to be insured by Nautilus under the Policies. Nautilus does not concede that any of the Underlying Defendants are persons insured under the Policies.  The *Griffin* Claimants are the individuals listed in Paragraphs 17 through 30 below, who have asserted claims against one or more of the Underlying Defendants in the *Griffin* Suit. The *Griffin* Suit is described in Paragraphs 31 and 32 below and the complaint filed in the *Griffin* Suit is attached as Exhibit A to this Complaint.  Nautilus does not concede that any of the allegations in the *Griffin* Suit are true, or that any of the allegations fall within the scope of the Policies.  The Policies are, based on information and belief, those policies of insurance pursuant to which the Underlying Defendants are seeking coverage with respect to the *Griffin* Suit.  They are listed in Exhibit B to this Complaint.  Nautilus incorporates each and every Policy as if it were set forth in full in this Complaint.  Nautilus will provide copies of each such Policy upon request to each Defendant and/or the Court.

## JURISDICTION AND VENUE

3.      Venue is proper in this Court pursuant to Ark. Code Ann. §§ 16-60-101, *et seq.*

4.      There exists a present controversy between the parties concerning their respective rights, liabilities and obligations under the Policies.

5.      This Court is authorized to declare the rights, liabilities and obligations of the parties pursuant to Ark. Code Ann. § 16-111-101, *et seq.*

2

### THE PARTIES

#### Plaintiff

6.      Nautilus is an insurance company that is incorporated in Arizona, with its principal place of business in Scottsdale, Arizona.

#### Underlying Defendants

7.      Upon information and belief, Ron Decker is an individual residing in Arkansas.

8.      Upon information and belief, Steve Lovellette is an individual residing in Indiana.

9.      Upon information and belief, Angela Morales is an individual residing in Arkansas.

10.      Upon information and belief, Donn Wolf (or Don Wolfe and any spelling variations thereof) is an individual residing in Georgia.

11.      Upon Information and belief, Tommy Scarcello is an individual living in Oklahoma.

12.      Upon information and belief, Advantage Food Group is a "d/b/a" of Donn Wolf and Steve Lovellette, with its principal place of business in Arkansas.

13.      Upon information and belief, Advantage Sales, LLC has its principal place of business in Arkansas.

14.      Upon information and belief, Action Distributors, Inc. is a New Jersey corporation.

15.      Upon information and belief, Jeanne Estates Apartments, Inc. is a corporation organized and existing under the laws of Arkansas, with its principal place of business in Fort Smith, Arkansas.

3

16.     The defendants identified in paragraphs 7 through 15 are herein collectively referred to as the "Underlying Defendants".

### *Griffin* Claimants

17.     Upon information and belief, Vanessa Griffin (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

18.     Upon information and belief, Marcus Griffin (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

19.     Upon information and belief, Brooklynn Howard (Plaintiff in the *Griffin* Suit) is an individual residing in New York.

20.     Upon information and belief, Alsandra Reid (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

21.     Upon information and belief, Alfonso Reid (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

22.     Upon information and belief, Angela Ondrisek (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

23.     Upon information and belief, Nicholas Broderick (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

24.     Upon information and belief, Matthew Broderick (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

25.     Upon information and belief, Marissa Broderick (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

26.     Upon information and belief, Shaina Broderick (Plaintiff in the *Griffin* Suit) is an individual residing in Arkansas.

27.     Upon information and belief, Nathan Griffin (Plaintiff in the *Griffin* Suit) is an individual being of minority age who resides in Arkansas.

28.     Upon information and belief, Tonia Griffin is an individual and resident of Arkansas, by and through whom Nathan Griffin, a minor, has appeared as a Plaintiff in the *Griffin* Suit.

29.     Upon information and belief, Alexis Broderick (Plaintiff in the *Griffin* Suit) is an individual being of minority age who resides in Arkansas.

30.     Upon information and belief, Sheldon Griffis is an individual and resident of Arkansas, by and through whom Alexis Broderick, a minor, has appeared as a Plaintiff in the *Griffin* Suit.

## THE *GRIFFIN* SUIT

31.     The *Griffin* Suit is a lawsuit filed in the United States District Court for the Western District of Arkansas on April 12, 2014, and is captioned *Vanessa Griffin, et al. v. Tony Alamo a/k/a Bernie L. Hoffman, et al.*, No. 4:14-CV-04065-SOH.  The following are plaintiffs in the *Griffin* Suit:  Vanessa Griffin, Marcus Griffin, Brooklynn Howard, Alsandra Reid, Alfonso Reid, Angela Ondrisek, Nicholas Broderick, Matthew Broderick, Marissa Broderick, Shaina Broderick, Nathan Griffin (by and through his next friend Tonia Griffin, and Alexis Broderick (by and through her next friend Sheldon Griffis) (collectively, the "*Griffin* Claimants").

32.     The allegations in the *Griffin* Suit are set forth in the First Amended Complaint, filed on December 22, 2014, which is attached as Exhibit A to this Complaint.  In summary, the *Griffin* Claimants seek damages for alleged bodily injury, mental anguish, false imprisonment, involuntary servitude and violation of certain criminal statutes that allegedly occurred in

Sebastian County, Arkansas, and elsewhere.  The *Griffin* Claimants allege that the alleged harm was caused by the Underlying Defendants and others.

33.     The Underlying Defendants have requested that Nautilus provide a defense for them in the *Griffin* Suit.

34.     Nautilus has undertaken the defense of the Underlying Defendants in the *Griffin* Suit pursuant to a full and complete reservation of rights to deny coverage.  The Policies, however, do not provide coverage, in whole or in part, for the claims against any of the Underlying Defendants in the *Griffin* Suit for the reasons shown in the following paragraphs.

35.     Each of the Policies contains two basic coverage grants, Coverage A and Coverage B.  Coverage A provides coverage, subject to all terms and conditions in the Policies, for damages because of "bodily injury" and "property damage."  Coverage B provides coverage, subject to all terms and conditions in the Policies, for damages because of "personal and advertising injury."

36.     *Coverages A and B:  No Partnership, Joint Venture or Limited Liability Company Liability.*  Each of the Policies provides that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."  The *Griffin* Suit alleges that the Underlying Defendants were engaged in a partnership/ joint venture known as "Tony Alamo Christian Ministries" or "TACM".  *See* Exhibit A, ¶¶ 34-37.  The complaint alleges that "Defendants operate together as a joint enterprise (TACM), in an agency capacity as employer/employee."  *Id.*, ¶ 38.  The *Griffin* Suit further alleges that the injuries suffered by the *Griffin* Claimants arose out of the activities of the defendants' actions as part of this partnership/

6

joint venture. *Id.*, ¶¶ 73, 75. "Tony Alamo Christian Ministries" is not a Named Insured in the Declarations of any of the Policies.

37. *Coverages A and B: Exclusion - Classification Limitation.* Each of the Policies designated on Exhibit B as containing the Classification Exclusion includes the following exclusion (in the following or functionally equivalent wording): "This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or medical payments for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements." The *Griffin* Suit seeks damages for bodily injury and personal injury for operations (beatings, imprisonment, physical abuse, forced labor, forced fasting/starvation, criminal acts and other activities) that "are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements" of any of the Policies.

38. *Coverages A and B: No coverage for activities outside the scope of the risk insured.* Each of the Policies only provides coverage for the business or operation described in the declarations pages of the Policy. The Policies variously describe the insureds' businesses as warehouses, churches, food distributors, and rental property, dwelling, hotel and motel operator. The *Griffin* Suit alleges activities involving beatings, imprisonment, physical abuse, forced labor, forced fasting/starvation, criminal acts, and other activities that clearly fall outside the scope of the businesses and/or operations described and insured.

39. *Coverages A and B: No coverage for activities by individual Underlying Defendants outside the scope of the insured operations.* Coverage A of the Policies, in the "Who is an Insured" section, provides coverage to certain described individuals, but only with respect to the conduct of the named insured's business (emphasis added):

a.   An individual, you and your spouse are insureds, **but only with respect to the conduct of a business** of which you are the sole owner.

b.   A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, **but only with respect to the conduct of your business.**

c.   A limited liability company, you are an insured. Your members are also insureds, **but only with respect to the conduct of your business.** Your managers are insureds, but only with respect to their duties as your managers.

d.   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, **but only with respect to their duties as your officers or directors.** Your stockholders are also insureds, **but only with respect to their liability as stockholders.**

Each of the following is also an insured:

a.   Your "employees"... **but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.**

Similarly, Coverage B is limited to "'personal and advertising injury' caused by an offense **arising out of your business."** The *Griffin* Suit seeks damages for bodily injury and personal injury for activities (beatings, imprisonment, physical abuse, forced labor, forced fasting/starvation, criminal acts and other activities) that are not with respect to, or related to, the conduct of the business of the named insured, and that are also outside the scope of the individual's scope of their employment with the named insured.

40.   *Coverages A and B: Endorsement – Limitation of Coverage to Designated Premises or Project.* Each of the Policies designated on Exhibit B as containing the Designated Premises Endorsement includes the following limitation of coverage (in the following or functionally equivalent wording): "This insurance applies only to 'bodily injury', 'property

8

damage', 'personal and advertising injury' and medical expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or 2. The project shown in the Schedule." The *Griffin* Suit seeks damages for bodily injury or personal injury that does not arise out of the ownership, maintenance or use of the premises (or operations necessary or incidental to those premises) shown in the respective Schedules of such Policies.

41. *Coverages A and B: Exclusion - Punitive or Exemplary Damages.* Each of the Policies designated on Exhibit B as containing the Punitive Damages Exclusion includes the following exclusion (in the following or functionally equivalent wording): "This insurance does not apply to punitive or exemplary damages." The *Griffin* Suit seeks punitive and exemplary damages from the Underlying Defendants.

42. *Coverages A and B: No Coverage for Known Loss.* None of the Policies provides coverage for a known loss. The *Griffin* Suit alleges numerous ongoing instances of "bodily injury" and "personal injury" that were allegedly known to the Underlying Defendants prior to the inception date of many (or all) of the Policies.

43. *Coverage A: No Occurrence.* Coverage A in each of the Policies applies to "bodily injury" only if the bodily injury is caused by an "occurrence." "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The allegations in the *Griffin* Suit do not describe an "occurrence" as that term is defined in the Policies.

44. *Coverage A: Expected or Intended Injury Exclusion.* Coverage A in each of the Policies designated on Exhibit B as containing the Expected or Intended Exclusion contains a provision that coverage does not apply to "bodily injury" if the bodily injury is "expected or

9

intended from the standpoint of the insured." The *Griffin* Suit alleges that the bodily injury suffered by the *Griffin* Claimants was "expected or intended" from the standpoint of each of the Underlying Defendants.

45. *Coverage A: Abuse or Molestation Exclusion.* Coverage A in each of the Policies designated on Exhibit B as containing the Abuse or Molestation Exclusion contains a provision (in the following or functionally equivalent wording) that coverage does not apply to "bodily injury" if the bodily injury arises out of "the actual or threatened abuse or molestation of any person while in the care, custody or control of any insured, or … the negligent … employment … investigation … supervision … reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible." The *Griffin* Suit alleges that the bodily injury suffered by the *Griffin* Claimants arose out of "abuse or molestation of [a] person while in the care, custody or control of any insured" and the negligent employment, retention, supervision or failure to report the abuser in such activities.

46. *Coverage A: Assault and Battery Exclusion.* Coverage A in each of the Policies designated on Exhibit B as containing the Assault and Battery Exclusion contains a provision (in the following or functionally equivalent wording) that coverage does not apply to "bodily injury" if the bodily injury arises out of an "[a]lleged assault or battery; or… [an] act or omission in connection with the prevention or suppression of such acts… [and/or] [c]laims, accusations or charges of negligent hiring, placement, training or supervision arising from actual or alleged assault or battery." The *Griffin* Suit alleges that the bodily injury suffered by the *Griffin* Claimants arose out an "assault or battery; or… [an] act or omission in connection with the prevention or suppression of such acts."

10

47.     *Coverage A:  No Coverage for Bodily Injury Outside the Policy Period.*
Coverage A in each of the Policies provides coverage only for "bodily injury" that "occurs during the policy period."  The *Griffin* Suit alleges that the "bodily injury" was suffered by different *Griffin* Claimants at different times.  Any such "bodily injury" that occurred outside the policy period of a particular Policy is not covered by such Policy.

48.     *Coverage B excluded.*  Each of the Policies designated on Exhibit B as containing a Coverage B Exclusion does not provide coverage for personal injury or advertising injury.

49.     *Coverage B – Criminal Acts Exclusion.*  Coverage B in each of the Policies designated in Exhibit B as containing a Criminal Acts Exclusion contains a provision (in the following or functionally equivalent wording) excluding coverage for "personal injury" arising out of "a criminal act committed by or at the direction of the insured."  The *Griffin* Suit alleges that the "personal injury" suffered by the *Griffin* Claimants arises out of criminal acts of the Underlying Defendants.

50.     *Coverage B – Knowing Violation of Rights Exclusion.*  Coverage B in each of the Policies designated in Exhibit B as containing a Knowing Violation of Rights Exclusion contains a provision (in the following or functionally equivalent wording) that excludes coverage for "personal injury" "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'."  The *Griffin* Suit alleges that the "personal injury" suffered by the *Griffin* Claimants was caused by the Underlying Defendants with the knowledge that their actions would violate the rights of the *Griffin* Claimants and cause them injury.

51.     *Coverage B – No Coverage for "Offenses" Outside the Policy Period.*  Coverage B in each of the Policies provides coverage for "personal and advertising injury," subject to all

11

other terms and conditions, only for an "offense . . . committed during the policy period."  The *Griffin* Suit alleges that the "offenses" giving rise to the "personal injury" occurred at different times.  Any "offense" that occurred outside the policy period of a particular Policy is not covered by Coverage B of such Policy.

## COUNT I:  NO DUTY TO DEFEND IN THE *GRIFFIN* SUIT

52.    Plaintiff incorporates every allegation from paragraphs 1 to 51 as if fully set forth herein.

53.    There is no duty to defend any of the Underlying Defendants in connection with the Suit for the reasons set forth in paragraphs 30 through 50 above.

## COUNT II:  NO DUTY TO INDEMNIFY IN THE *GRIFFIN* SUIT

54.    Plaintiff incorporates every allegation from paragraphs 1 to 51 as if fully set forth herein.

55.    Upon information and belief, in light of the policy provisions set forth in paragraphs 35 through 51 above, the compensatory and punitive damages sought by the *Griffin* Claimants in the *Griffin* Suit are not covered under any of the Policies.

**WHEREFORE,** Plaintiff prays that a declaratory judgment be entered as follows:

Under Count I, that Nautilus has no obligation to defend any of the Underlying Defendants in the *Griffin* Suit;

Under Count II, that Nautilus has no obligation to indemnify any of the Underlying Defendants in the *Griffin* Suit;

Or, in the alternative, that the Court declare the rights and obligations, if any, of Nautilus and each of the Underlying Defendants under each of the Policies with respect to each of the claims asserted in the *Griffin* Suit.

12

Dated: 3-16-15

Respectfully submitted,

Beverly A. Rowlett (Arkansas Bar Number 77118)
Munson, Rowlett, Moore & Boone, P.A.
West Capitol, Suite 1900
Little Rock AR 72201
Telephone:     501.374.6535
Facsimile:     501.374.5906
beverly.rowlett@mrmblaw.com


James E. Rocap, III (pro hac vice application
pending)
John R. Casciano  (pro hac vice application
pending)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 429-8152
Facsimile: (202) 263-3563
jrocap@steptoe.com
jcasciano@steptoe.com

ATTORNEYS FOR PLAINTIFF
NAUTILUS INSURANCE COMPANY

13

# NOTICE

To:    Alsandra Reid

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at _____ 14 _____ day of _____ April _____ , 2015.

_____
[Signature]

_____
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

**NOTICE**

To:    Angela Ondrisek

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas. The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___*14*___ day of ___*April*___, 2015.

_____
[Signature]

_____
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

**NOTICE**

To:     Vanessa Griffin

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14___ day of ___April___, 2015.

_____
[Signature]

_____
[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

# NOTICE

To:    Tonia Griffin

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14___ day of ___April___, 2015.

_____
[Signature]

___Jonathan Lane   Atty___
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

_____5/1/15_____
[Date of Signature]

# NOTICE

To:     Marcus Griffin

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]

_____
John R. Casciano

4|10|15
_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14___ day of ___April___, 2015.

_____

[Signature]

_____

[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____

[Date of Signature]

**NOTICE**

To:    Nicholas Broderick

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.  The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature]


_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at _April_ ~~day of~~ _14_ , 2015.

_____
[Signature]

_____
CHARLES D. Hancock, Attorney
[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

# NOTICE

To:    Brooklynn Howard

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14___ day of ___April___, 2015.

___/ Lane___
[Signature]

___Jonathan Lane    Aky___
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

___5/1/15___
[Date of Signature]

# NOTICE

To:     Alfonso Reid

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]


_____
John R. Casciano

_____
[Date of Signature]

**ACKNOWLEDGEMENT OF RECEIPT**
**OF SUMOONS AND COMPLAINT**

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ____14____ day of __April__ , 2015.

_____J Lane_____

[Signature]

__JONATHAN LANE_____ __Atty__

[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____5/1/15_____

[Date of Signature]

# NOTICE

To:     Matthew Broderick

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

[Signature ]

_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___April___ day of ___14___, 2015.

_____
[Signature]

_____
CHARLES D. HANCOCK  Attorney
[Printed Name]
[Relationship to Entity / Authority to Receive Service]
_____5.1.15_____
[Date of Signature]

**NOTICE**

To:     Marissa Broderick

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

[Signature ]

John R. Casciano

[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at _____ 14th _____ day of _____ April _____, 2015.

_____
[Signature]

_____
CHARLES D. Hancock Attorney
[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____
5-1.15
[Date of Signature]

**NOTICE**

To:     Shaina Broderick

    A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

    You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

    If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

    You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

    As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]


_____
John R. Casciano

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14th___ day of ___April___, 2015.

___Chas D. Hancock___
[Signature]

___CHARLES D. Hancock, Attorney___
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

___5.1.15___
[Date of Signature]

**NOTICE**

To:    Nathan Griffin

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
                    [Signature]

_____
              John R. Casciano

_____
              [Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at _____ day of _____, 2015.

_____
[Signature]

_____
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

# NOTICE

To:     Sheldon Griffis

A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

_____
[Signature ]

_____
John R. Casciano

4|10|15

_____
[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at _____ 14ᵗʰ day of _April_ , 2015.

_Chas D. Hancock_
[Signature]

_Charles D. Hancock  Attorney_
[Printed Name]
[Relationship to Entity / Authority to Receive Service]

_5·1·15_
[Date of Signature]

**NOTICE**

To:     Alexis Broderick

    A lawsuit captioned Nautilus Insurance Company v. Ron Decker, et al. (Case No. CV-15-0238) has been filed against you in the Circuit Court of Sebastian County, Arkansas.   The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

    You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

    If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

    You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability Company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

    As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on April 10, 2015.

Sender's Address:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC   20036

[Signature ]

_____

John R. Casciano

[Date of Signature]

## ACKNOWLEDGEMENT OF RECEIPT
## OF SUMOONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at ___14___ day of ___April___, 2015.

_____
[Signature]

_____
[Printed Name]

[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]