IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY                                                          PLAINTIFF

VS.                                          CASE NO. 15-CV-4044

RON DECKER, STEVE LOVELLETTE
TOMMY SCARCELLO, DONN WOLF, *et al*                                             DEFENDANTS

# ORDER

Before the Court is a Motion to Remand (ECF No. 9) filed on behalf of Plaintiff Nautilus Insurance Company ("Nautilus"). (ECF No. 10). The Removing Defendants[1] have filed a response to the motion. (ECF No. 19). Nautilus has filed a reply. (ECF No. 23). The Court finds this matter ripe for consideration.

Nautilus filed this declaratory judgment action in the Circuit Court of Sebastian County, Arkansas, on March 17, 2015. On May 8, 2015, the Removing Defendants removed the action to this Court. (ECF No. 1). As their basis for removal, the Removing Defendants stated that this Court has jurisdiction pursuant to 28 U.S.C. § 1446 "in that there is diversity of citizenship and the amount in controversy exceeds $75,000.00." Apparently recognizing that their removal on diversity of citizenship grounds was improper[2], the Removing Defendants filed an Amended

---

[1] The Removing Defendants are Alexis Broderick, Marissa Broderick, Matthew Broderick, Nicholas Broderick, Shaina Broderick, Marcus Griffin, Nathan Griffin, Tonia Griffin, Vanessa Griffin, Sheldon Griffis, Brooklynn Howard, Angela Ondrisek, Alfonso Reid, Alsandria Reid

[2] 28 U.S.C. § 1441(b)(2) provides that an action may not be removed solely on grounds of diversity under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." According to the Answer filed by the Removing Defendants, it is undisputed that some of the Defendants in this action are Arkansas citizens. (ECF No. 7). Accordingly, removal solely on grounds of diversity is not permitted in this case.

Notice of Removal on May 12, 2015. (ECF No. 5). The Amended Notice removed diversity jurisdiction as the ground for removal and substituted the "Doctrine of Ancillary Jurisdiction" as the ground for removal. On May 14, 2015, the Removing Defendants filed a Second Amended Notice of Removal (ECF No. 6). The Second Amended Notices states as an additional ground for removal that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In the present Motion to Remand, Nautilus argues that the Removing Defendants grounds for removal are baseless. Nautilus also argues that all of the Notices of Removal are procedurally defective because there is no indication that the Removing Defendants secured the consent of all Defendants before filing the notices. Nautilus contends that the Removing Defendants should be required to pay Nautilus's costs and expenses, including attorney fees, incurred as a result of the improper removal.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A party must successfully allege specific criteria before a federal court may retain jurisdiction over a case. *See generally* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3522 (2d ed. 1984 & Supp. 2008). A defendant may remove a case from state court to federal court only if the defendant shows that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

Original federal court jurisdiction exists when the case involves a federal question or when the parties are diverse and a certain amount is at stake in the case. 28 U.S.C. §§ 1331; 1332. The party removing a case to federal court bears the burden of proving that federal jurisdiction exists. *Carson v. Dunham*, 121 U.S. 421, 426 (1887); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Once a case is removed to federal court, a plaintiff may move to remand the case to state court if there is a defect in the removal process or if the federal court

lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The court's removal jurisdiction is strictly construed, and all doubts are resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

While the Removing Defendants' first Notice of Removal cited diversity of citizenship and amount in controversy as grounds for removal, the two subsequent Notices rely on "ancillary jurisdiction" and "supplemental jurisdiction" as grounds for removal. Due to their lack of response to Nautilus's argument that diversity of citizenship does not exist in this case, the Court will assume that the Removing Defendants have recognized that this was an improper basis for removal.[3] The Court will address whether ancillary jurisdiction and/or supplemental jurisdiction provide a basis for removal in this case.

Nautilus's Complaint (ECF No. 3) seeks a declaration from the Court regarding Plaintiff's contractual obligations to defend and indemnify Defendant-Insureds in *Griffin, et al. v. Tony Alamo aka Bernie L. Hoffman, et al.*, No. 4:14-CV-04065—a case currently pending before this Court. The Removing Defendants argue that, because this Court has original jurisdiction over the *Griffin* action, this court also has the authority to exercise supplemental jurisdiction over the claims made in the present declaratory judgment action. More specifically, the Removing Defendants argue that Nautilus is "clearly requesting declaratory judgment as it relates to the federal question claims" in *Griffin* and that this implicates supplemental jurisdiction under 28 U.S.C. § 1367(a).

---

[3] The Removing Defendants briefly argue in their response to Nautilus's motion that Nautilus "has waived jurisdictional issues and subjected itself to the Court's jurisdiction" by filing a separate declaratory judgment in this Court in 2011 with similar coverage issues and "posture of diversity." *Nautilus v. Johnson et al*. 4:11-cv-04054. The Removing Defendants cite no authority for the proposition that a party can waive jurisdictional arguments in one case due to their allegations of diversity jurisdiction in a separate case, and the Court suspects there is none. Accordingly, the Court declines to find waiver here.

The Removing Defendants have completely mischaracterized the nature of supplemental jurisdiction and its relation to removal. A federal district court's power to exercise supplemental jurisdiction over state law claims is limited to cases that already are pending in federal court based on existing federal question jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Moreover, the Eighth Circuit has consistently held that supplemental and ancillary jurisdiction cannot serve as the basis for removal. *See Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705-06 (8th Cir. 2003) (supplemental jurisdiction and ancillary jurisdiction are not bases for removal) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction…cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under §1441.")); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 926 (8th Cir. 2014) (where "district court did not have original jurisdiction over this action, ancillary jurisdiction cannot provide the jurisdiction necessary to qualify for removal"); 29A Federal Procedure: Lawyers Edition, § 69:2, at 10 (1998) ("The original jurisdiction requirement is an absolute and nonwaivable prerequisite to removal jurisdiction. A District Court is not endowed with jurisdiction to hear a case on removal merely because…a related case is pending in the federal court."). For these reasons, the Court finds that Defendants' removal was improper.[4]

---

[4] Because the Court has held that the grounds for removal are baseless, the Court does not need to reach the question of whether the Removing Defendants' Notice of Removal was procedurally defective. However, Nautilus's argument on this point is well-taken. 28 U.S.C. § 1446(b)(2)(A) provides that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." There is no evidence that the Removing Defendants obtained the consent of the remaining Defendants in this action before filing any of their Notices of Removal, and the Removing Defendants did not address Nautilus's arguments on this point in their response to the Motion to Remand. Accordingly, Nautilus's motion could be granted on this independent procedural ground.

4

The Court finds that Nautilus's Motion to Remand (ECF No. 9) should be and hereby is **GRANTED**. This case is hereby remanded to Circuit Court of Sebastian County for further proceedings.

Upon consideration of the relevant factors, the Court declines to award costs and expenses incurred by Nautilus as a result of the removal.

IT IS SO ORDERED, this 21st day of December, 2015.

                                                          /s/ Susan O. Hickey
                                                         Susan O. Hickey
                                                         United States District Judge